**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

RICKY GENE STEWART                                                              **PLAINTIFF**

VS.                                          **CIVIL ACTION NO. 2:11cv207–KS-MTP**

RONALD WOODALL, ET AL.                                            **DEFENDANTS**

## <u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the court on the Motion to Dismiss [19] filed by Defendant

Ronald Woodall, and joined in by Defendant Mike Hatten [20].  Having considered the motion

and the applicable law, the undersigned recommends that Defendant's Motion [19] be granted

and that this matter be dismissed without prejudice.

<u>Factual Background</u>

Plaintiff Ricky Gene Stewart, proceeding *pro se* and *in forma pauperis,* filed his

Complaint [1] pursuant to 42 U.S.C. § 1983 on October 13, 2011.  Plaintiff alleges claims

against Defendants Dr. Ron Woodall and Mike Hatten for the denial and/or delay of adequate

medical treatment in violation of the Eighth Amendment.  Specifically, he claims that Dr.

Woodall failed to provide him with adequate medical treatment after his shoulder surgery, which

resulted in him contracting a staph infection and additional surgeries, and also failed to properly

treat his wound and failed to prescribe and/or fill the correct medications to treat his infection.

He claims that Mike Hatten, Medical Director at SMCI, failed to get his prescriptions filled for

him, as he represented he would, and failed to ensure he received the physical therapy that was

recommended by his outside physician.  Plaintiff's claims occurred at while he was housed at the

South Mississippi Correctional Institution ("SMCI"), where he is currently incarcerated.  *See*

Omnibus Order [31].

Defendant Dr. Woodall filed his Motion to Dismiss [19], claiming that this action should be dismissed for Plaintiff's failure to exhaust his administrative remedies. Mike Hatten joined in the Motion [19]. *See* Joinder [20].

Standard

Because Defendant has submitted matters outside the pleadings with his Motion to Dismiss [19], the motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

Analysis

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also*

*Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85. Because exhaustion is an affirmative defense, Defendant bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon*, 596 F.3d at 266. The Fifth Circuit has held that "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272.

Miss. Code Ann. § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of their incarceration. *See* Ex. A to Motion [19-1]. The ARP is a two-step process.[1]

---

[1]Effective September 19, 2010, the ARP process was changed from a three-step process to a two-step appeal process. *See Gates v. Barbour*, No. 4:71cv6–JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10–CV–378–TSL–MTP, 2011 WL 4388832, at *3

Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP Form ARP-2 and sending it to the Legal Claims Adjudicator. "Once an inmate's request for remedy is accepted into the procedure, they must use the manila envelope that is furnished with his/her Step One response to continue the procedure." *Id.* A final decision will be made by the Superintendent, Warden or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. *Id.*; *see also Cannady v. Epps*, No. 3:04cv107-HTW-JCS, 2006 WL 1676141, at *1 (S.D. Miss. June 15, 2006). MDOC's ARP program received court approval in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. February 15, 1994). *See Marshall v. Price*, 239 F.3d 365, 2000 WL 1741549, at *1 (5th Cir. Nov. 6, 2000).

Defendant claims that Plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies. According to the affidavit of Joseph Cooley, custodian of the ARP Records at SMCI, Plaintiff filed grievance No. SMCI-11-225 regarding post-surgery medical treatment and complications. Plaintiff received his First Step Response on March 24, 2011. Plaintiff incorrectly appealed to the Second Step on April 11, 2011, and was mailed a five-day extension letter. The ARP office has heard nothing further from Plaintiff. *See* Affidavit, Ex. B to Motion [19-2]; Reply [38] and Exhibits.

In his Response [36] to the motion, Plaintiff discusses grievance No. SMCI-10-272, filed

n.6 (S.D. Miss. July 25, 2011).

on or about January 26, 2010, and how he submitted a Second Step response on March 26, 2010, and never received any further response. As Defendant points out in his Reply [38], grievance No. SMCI-10-272 dealt with Plaintiff's request for reconstructive surgery on his left shoulder. Plaintiff testified during his *Spears* hearing that he had shoulder surgery in mid to late 2010. The instant lawsuit deals with the Plaintiff's medical treatment and/or complications post-surgery, which is the subject of grievance No. SMCI-11-225. *See* Reply [38] and Exhibits.

Plaintiff discusses the second grievance he filed, No. SMCI-11-225, on or about January 17, 2011. Plaintiff claims he received his first step response on March 16, 2011, and submitted his Second Step response on March 26, 2011, and never received any further response. *See* Response [36]. It is the Defendant's position that Plaintiff received his First Step Response on March 24, 2011, that he incorrectly appealed to the Second Step on April 11, 2011, and was mailed a five-day extension letter. Defendant submits that the ARP office heard nothing further from Plaintiff regarding grievance No. SMCI-11-225. *See* Affidavit, Ex. B to Motion [19-2]; Reply [38] and Exhibits.

The record before the court supports Defendant's position. The record shows that Plaintiff received his First Step Response for grievance No. SMCI-11-225 on March 24, 2011. *See* document [38-2] at 11. Plaintiff signed his Second Step on March 26, 2011. *See* document [1-1] at 3. Plaintiff claims he never received a response, but the record shows that he was mailed a memo from the Legal Claims Adjudicator on or about April 11, 2011, stating that his Second Step request had been received but that he failed to comply with the ARP rules in that he "failed to submit his ARP material in the manila envelope which was supplied to [him] at the first step of the procedure[,]" and that the "envelope is part of the ARP record and must be used by the

inmate to continue from step to step in the procedure."[2]  *See* document [38-2] at 12.  Plaintiff

was given five days from receipt of the letter to get the necessary documents to the Legal Claims

Adjudicator's office and was warned that his failure to timely comply with the request may result

in his ARP request being cancelled.  *Id.*  According to the affidavit of Joseph Cooley, the ARP

office did not hear anything further from Plaintiff regarding this ARP request.  *See* Affidavit [38-

2] at 13.

    Based on the record before the court, Plaintiff has failed to exhaust his administrative

remedies for the claims alleged in his complaint.  *See Lane*, 2008 WL 116333 at *1 (affirming

dismissal of prisoner complaint for failure to exhaust administrative remedies by failing to

complete administrative review process); *Kidd v. Livingston*, No. 11–40492, 2012 WL 614372,

at *1 (5th Cir. Feb. 28, 2012) ("Because he filed a procedurally defective Step–2 appeal,

[inmate] failed to satisfy the exhaustion requirement."); *Agee v. Berkebile*, No. 3:07-CV-1070-B

ECF, 2008 WL 199906, at *3 (N.D. Tex. Jan. 24, 2008) (holding that by failing to resubmit a

corrected version of procedurally defective grievance, prisoner "voluntarily halted the

administrative process prematurely" and therefore did not exhaust his administrative remedies);

*see also Brown v. Burnett*, No. 6:09cv156, 2010 WL 1997777, at *3 (E.D. Tex. May 17, 2010)

(holding that plaintiff's allegations were "wholly conclusory and thus insufficient to evade the

exhaustion requirement").

    Moreover, Plaintiff has failed to demonstrate that he should otherwise be excused from

---

[2]This requirement is clearly set forth in the Inmate Handbook.  *See* Ex. A to Motion [19-1] at ¶ IV(I).

6

the requirement to exhaust.[3]  As stated by the United States Supreme Court:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.  A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford*, 548 U.S. at 95.  Accordingly, Defendant's Motion [19] should be granted and this action should be dismissed.

## Recommendation

For the foregoing reasons, the undersigned recommends that Defendant's Motion [19] be granted, and that this action be dismissed without prejudice for Plaintiff's failure to exhaust.

## Notice of Right to Object

In accordance with the rules of 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge, and the opposing party.  The District Judge may at that time accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or the District Judge may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained

---

[3]The Fifth Circuit has recognized that the exhaustion requirement may be excused in "circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy."  *Johnson*, 261 F. App'x at 755 (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)).  Further, a prisoner's failure to exhaust "may be excused where dismissal would be inefficient or would not further the interests of justice or the purposes of the exhaustion requirement."  *Id.* (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *overruled on other grounds by Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007)).

within this report and recommendation within fourteen days after being served with a copy shall

bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the District Court to which the party has not objected.

*Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 2nd day of May, 2012.

s/ Michael T. Parker
United States Magistrate Judge